Irene Yang (SBN 245464 )
irene.yang@sidley.com
SIDLEY AUSTIN LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Tung T. Nguyen (*pro hac vice* to be filed)
tnguyen@sidley.com
SIDLEY AUSTIN LLP
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Attorneys for Declaratory Judgment Plaintiffs
TOYO CO., LTD., TOPTOYO
INVESTMENT PTE. LTD., TOYO SOLAR
MANUFACTURING ONE MEMBER
PRIVATE LIMITED COMPANY, TOYO
SOLAR TEXAS LLC, VSUN SOLAR USA
INC., VIETNAM SUNERGY JOINT STOCK
COMPANY, AND VIETNAM SUNERGY
(BAC NINH) COMPANY LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TOYO CO., LTD., TOPTOYO INVESTMENT PTE. LTD., TOYO SOLAR MANUFACTURING ONE MEMBER PRIVATE LIMITED COMPANY, TOYO SOLAR TEXAS LLC, VSUN SOLAR USA INC., VIETNAM SUNERGY JOINT STOCK COMPANY, AND VIETNAM SUNERGY (BAC NINH) COMPANY LIMITED,

Plaintiffs,

v.

FIRST SOLAR, INC.,

Defendant.

Case No.

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 9,130,074 AND 9,666,732**

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs TOYO Co., Ltd., TOPTOYO Investment PTE. Ltd., TOYO Solar Manufacturing One Member Private Limited Company, TOYO Solar Texas LLC, VSUN Solar USA Inc., Vietnam Sunergy Joint Stock Company, and Vietnam Sunergy (Bac Ninh) Company Limited (collectively, "TOYO") bring this action for declaratory judgment of non-infringement against Defendant First Solar, Inc. ("First Solar") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that TOYO does not infringe any claim of U.S. Patent No. 9,130,074 ("the '074 patent") or any claim of U.S. Patent No. 9,666,732 ("the '732 patent") (collectively, "the Declaratory Judgment patents").

2. This relief is necessary because, through an investigation previously filed with the International Trade Commission ("ITC"), First Solar has claimed that the manufacturing, sale, and importation of TOYO's TOPCon solar cells and modules infringes and/or induces the infringement of claims 1, 2, 4, and 8 of the '074 patent. In the ITC investigation, titled *In the Matter of Certain TOPCon Solar Cells, Modules, Panels, Components Thereof, and Products Containing Same*, Investigation No. 337-TA-1494 ("ITC investigation"), First Solar sought a general exclusion order to prohibit entry into the United States of all TOPCon solar cells and modules and a permanent limited exclusion order prohibiting entry into the United States of all TOYO TOPCon solar cells and modules based on alleged infringement of the '074 patent. First Solar also sought a permanent cease and desist order prohibiting TOYO from, among other activities, marketing, advertising, distributing, selling, or repairing TOYO's TOPCon solar cells and modules in the United States.

3. First Solar has now moved to dismiss the ITC investigation without prejudice. In so doing, First Solar issued a press release stating that it "will continue pursuing its existing TOPCon patent lawsuits in US District Court" against Jinko Solar, Trina Solar, T1 Energy, and Canadian Solar, and that it "intends to continue its efforts to enforce its global patent portfolio against other manufacturers it believes infringe on its TOPCon patent portfolio, a process it paused following its Section 337 complaint." Exhibit A at 1.

4. The ’732 patent purports to claim priority from the same provisional patent application that led to the ’074 patent, and First Solar purports to own the ’732 patent as part of its patent portfolio.

5. TOYO’s TOPCon solar cells and modules do not infringe the claims of the Declaratory Judgment patents. There is accordingly an actual and justiciable controversy between TOYO and First Solar regarding non-infringement of the claims of the Declaratory Judgment patents.

**PARTIES**

6. TOYO Co., Ltd. is a company organized and existing under the laws of the Cayman Islands with its principal place of business at Tennoz First Tower F16, 2-2-4, Higashi-shinagawa, Shinagawa-ku, Tokyo, Japan 140-0002.

7. TOPTOYO Investment PTE. Ltd. is a company organized and existing under the laws of Singapore with its principal place of business at 36 Robinson Road #21-01 City House Singapore (068877).

8. TOYO Solar Manufacturing One Member Private Limited Company is a company organized and existing under the laws of Ethiopia with its principal place of business at 05/06/07 Sez, Kebele 01, Hawassa City, Sidama, Ethiopia.

9. TOYO Solar Texas LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 6115 Greens Road, Humble, Texas 77396.

10. VSUN Solar USA Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business at 909 Corporate Way, Fremont, California 94539.

11. Vietnam Sunergy Joint Stock Company is a joint stock company organized and existing under the laws of Vietnam with its principal place of business at Lot III – Dong Vang, Dinh Tram Industrial Park, Nenh Ward, Bac Ninh Province, Vietnam.

12. Vietnam Sunergy (Bac Ninh) Company Limited is a foreign limited liability company organized and existing under the laws of Vietnam with its principal place of business at

Lot CN-09.1 Thuan Thanh II Industrial Park, Mao Dien Commune, Thuan Thanh District, Bac Ninh Province, Vietnam.

13. On information and belief, First Solar is a Delaware corporation with a principal place of business at 4300 E. Camelback Road, Suite 220, Phoenix, Arizona 85018. On information and belief, First Solar is also registered to conduct business in California and maintains a facility at 1035 Walsh Avenue, Santa Clara, California 95050, located in this judicial district, at least for the purposes of conducting research and development.

## JURISDICTION AND VENUE

14. This action arises under the United States patent laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over First Solar. First Solar is registered to conduct business in California and has a facility at 1035 Walsh Avenue, Santa Clara, California 95050 that, on information and belief, conducts at least research and development. As of September 22, 2026, First Solar's Santa Clara facility has 17 open job listings including for development engineers. First Solar has continuous and systematic business contacts with the State of California and with this judicial district.

17. On information and belief, TetraSun, Inc., the former assignee of the Declaratory Judgment patents that First Solar acquired, was located in San Jose, California, in this judicial district, and at least one of the named inventors of the Declaratory Judgment patents resides in this judicial district.

18. According to First Solar's publicly available complaint in the ITC investigation, First Solar has purposefully directed activities related to the '074 and/or the '732 patents to this judicial district at least by sending notice letters regarding First Solar's patent portfolio to entities residing in this judicial district, including Canadian Solar (USA) Inc. in Walnut Creek, California; JinkoSolar (U.S.) Inc. in San Francisco, California; and Trina Solar North America in San Jose, California.

19. According to First Solar's publicly available complaint in the ITC investigation, First Solar has alleged that TOYO has imported TOPCon modules, including VSUN590N-144BMH-DG, into the United States with Oakland, California, located in this judicial district, as the port of entry with VSUN Solar USA Inc. as the buyer of record.

20. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to TOYO's claims occurred in this district and because First Solar is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

21. TOYO provides full-service solar solutions for the global energy transition, from sourcing silicon wafers, to developing and manufacturing solar cells, to manufacturing solar modules. The companies that are declaratory judgment plaintiffs in this proceeding and that are organized under Japanese-headquartered TOYO Co. Ltd. operate, among others, a 4 GW facility in Ethiopia manufacturing TOPCon solar cells for the U.S. market and a 2 GW facility in Texas manufacturing TOPCon solar modules for the U.S. market. The companies that are declaratory judgment plaintiffs in this proceeding and that are organized under Vietnam Sunergy Joint Stock Company have an established presence and reputation for producing and supplying TOPCon solar modules in the U.S. market through VSUN Solar USA Inc. These companies are affiliates of TOYO Co. Ltd. and its subsidiaries and historically have collaborated in connection with the U.S. market.

22. First Solar claims to be the assignee and owner of the right, title, and interest in the Declaratory Judgment patents.

23. The '074 patent is titled "High-Efficiency Solar Cell Structures and Methods of Manufacture" and names Oliver Schultz-Wittmann and Denis DeCeuster as the inventors. The '074 patent issued on September 8, 2015 and claims priority to provisional application No. 61/171,194, filed on April 21, 2009. A true and correct copy of the '074 patent is attached as Exhibit B.

24. The '732 patent is titled "High-Efficiency Solar Cell Structures and Methods of Manufacture" and names Oliver Schultz-Wittmann and Denis DeCeuster as the inventors. The

’732 patent issued on May 30, 2017. It is a division of the ’074 patent and claims priority to provisional application No. 61/171,194, filed on April 21, 2009. A true and correct copy of the ’732 patent is attached as Exhibit C.

25. First Solar filed its complaint in the ITC investigation on February 24, 2026, requesting that the Commission institute an investigation pursuant to Section 337 of the Tariff Act of 1930 as amended, 19 U.S.C. § 1337. First Solar’s complaint requested a general exclusion order under 19 U.S.C. § 1337(d) “prohibiting entry into the United States of all TOPCon solar cells, modules, panels and products containing same” based on alleged infringement of the ’074 patent. It requested a permanent limited exclusion order against TOYO under 19 U.S.C. § 1337(d). It also requested the issuance of a permanent cease and desist order against TOYO under 19 U.S.C. § 1337(f) prohibiting TOYO from “importing, admitting or withdrawing from a foreign trade zone, marketing, advertising, demonstrating, warehousing inventory of, distributing, offering for sale, selling, transferring (except for exportation), licensing, repairing, soliciting U.S. agents or distributors for, or aiding or abetting other entities in the importation, sale for importation, sale after importation, transfer (except for exportation), or distribution of” TOYO’s TOPCon products. First Solar accused all of TOYO’s TOPCon solar cells and modules imported into or sold in the U.S. of infringement, including the Vesta N and TYMN lines of products.

26. First Solar’s requested relief in the ITC investigation would have prevented TOYO from importing and selling its TOPCon cells and modules in the U.S.

27. On September 15, 2026, First Solar issued a press release stating that it was withdrawing its complaint in the ITC investigation but that it was doing so “without prejudice to refiling at a later date” and that it “intends to continue its efforts to enforce its global patent portfolio against other manufacturers it believes infringe on its TOPCon patent portfolio.” Exhibit A at 1. According to a statement made by First Solar’s general counsel, First Solar’s decision to withdraw from the ITC investigation “clears the way for our pending suits to move forward and for additional suits we anticipate filing.” *Id.*

28. An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 between TOYO and First Solar as to whether TOYO is infringing or has

infringed the ’074 patent or the ’732 patent as a result of TOYO’s manufacture, use, sale, offer for sale, and/or importation of its TOPCon solar cells and modules in the United States.

## FIRST CLAIM

**(Declaration of Non-Infringement of the ’074 Patent)**

29. TOYO restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

30. First Solar claims to own all right, title, and interest in the ’074 patent.

31. TOYO’s TOPCon products are not manufactured using any method claimed in the ’074 patent, at least because TOYO does not perform the following steps in independent claim 1 of the ’074 patent: “depositing at least one conductive and passivating layer on the at least one interface passivation layer, the at least one conductive and passivating layer comprising a dopant”; “providing thermal treatment at a temperature of about 500° C or higher, the thermal treatment crystallizing, at least in part, the at least one conductive and passivating layer and facilitating diffusion of the dopant from the at least one conductive and passivating layer through the at least one interface passivation layer”; “providing metallization as electrodes which directly contact the at least one conductive and passivating layer following the thermal treatment thereof”; and “wherein the dopant diffused through the at least one interface passivation layer provides shortened charge carrier flow paths between the substrate and the electrodes through the at least one conductive and passivating layer and the at least one interface passivation layer.”

32. Claims 2 through 8 of the ’074 patent depend from claim 1, and TOYO’s TOPCon products are not manufactured using any method claimed in these dependent claims at least for the same reasons that they do not meet the elements of independent claim 1.

33. An actual and justiciable controversy has arisen and now exists between TOYO and First Solar concerning whether TOYO infringes any claim of the ’074 patent.

34. A judicial declaration is necessary so that TOYO may ascertain its rights in view of First Solar’s allegations of infringement of claims 1, 2, 4, and 8 of the ’074 patent in the ITC investigation and stated intent to file additional lawsuits for infringement of its patent portfolio.

35. Therefore, TOYO seeks a judgment declaring that it does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’074 patent.

**SECOND CLAIM**

**(Declaration of Non-Infringement of the ’732 Patent)**

36. TOYO restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

37. First Solar claims to own all right, title, and interest in the ’732 patent.

38. TOYO’s TOPCon products are not manufactured using any method claimed in the ’732 patent, at least because TOYO does not perform the following steps in independent claim 1 of the ’732 patent: “providing a passivating film over the interface passivation layer, the passivating film comprising a passivating material and a conductive dopant”; “providing an amorphous silicon-containing compound over an upper surface of the substrate, the compound comprising oxygen dopant and the conductive dopant”; “thermally treating the amorphous silicon-containing compound to diffuse the oxygen dopant, at least in part, into the upper surface of the substrate to form an oxide layer over the substrate, the oxide layer defining the interface passivation layer”; wherein remaining amorphous silicon-containing compound above the oxide layer defines the passivating film”; and “providing at least one electrode over the passivating film, wherein the conductive dopant within the passivating film and throughout the interface passivation layer provides direct electrical connection between the at least one electrode and the substrate.”

39. Claims 2-9 of the ’732 patent depend from claim 1, and TOYO’s TOPCon products are not manufactured using any method claimed in these dependent claims at least for the same reasons that they do not meet the elements of independent claim 1.

40. An actual and justiciable controversy has arisen and now exists between TOYO and First Solar concerning whether TOYO infringes any of the claims of the ’732 patent.

41. A judicial declaration is necessary so that TOYO may ascertain its rights in view of First Solar’s allegations of infringement of the ’732 patent and stated intent to file additional lawsuits for infringement of its patent portfolio.

42. Therefore, TOYO seeks a judgment declaring that it does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’732 patent.

**JURY DEMAND**

TOYO demands a jury trial on all issues and claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, TOYO prays for judgment and relief as follows:

A. Declare that TOYO does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’074 patent, and that it is not liable for damages or injunctive relief based thereon;

B. Declare that TOYO does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’732 patent, and that it is not liable for damages or injunctive relief based thereon;

C. Declare that judgment be entered in favor of TOYO and against First Solar on each of TOYO’s claims;

D. Find that this is an exceptional case under 35 U.S.C. § 285;

E. Award TOYO its attorneys’ fees and costs in connection with this action; and

F. Award TOYO such other and further relief as the Court deems just and proper.

Dated: September 23, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP

By: Irene Yang
Irene Yang

Attorneys for Declaratory Judgment Plaintiffs *TOYO Co., Ltd., TOPTOYO Investment PTE. Ltd., TOYO Solar Manufacturing One Member Private Limited Company, TOYO Solar Texas LLC, VSUN Solar USA Inc., Vietnam Sunergy Joint Stock Company, and Vietnam Sunergy (Bac Ninh) Company Limited*